

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABORETUM SILVERLEAF INCOME FUND
LP and ACF CREDIT PROGAM, LLC,

                       Plaintiffs,

-v.-

JEFF KATOFSKY and ERNEST BARRECA
as Trustee of the SKG Family Trust, and THE
SKKG FAMILY TRUST,

                       Defendants.

23 Civ. 1144 (JHR)

MEMORANDUM OPINION
AND ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiffs' motion to remand this case to the Supreme Court of the State of New York, New York County. ECF No. 13. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND

On September 2, 2022, Plaintiffs filed suit in the United States District Court for the Southern District of New York seeking enforcement of two guarantee agreements signed by the individual Defendants. *See Arboretum Silverleaf Income Fund LP v. Katofsky*, 22 Civ. 7522 (JPO). After Plaintiffs were ordered to show cause why the case should not be dismissed for lack of subject matter jurisdiction, they voluntarily dismissed it without prejudice and filed the instant action in New York state court. *See Arboretum Silverleaf Income Fund LP v. Katofsky*, Index No. 654499/2022.[1]

---

[1] The Notice of Removal contains two typographical errors. It spells Plaintiff's name "Aboretum," in contrast to the state court Complaint, where it appears as "Arboretum." It also incorrectly spells Defendant "SKG Family Trust" as "SKKG Family Trust." Separately, Plaintiff "ACF Credit Program, LLC" is listed on the docket as "ACF Credit Progam, LLC." The Court spells these terms "Arboretum," "SKG," and "Program" throughout.

On February 9, 2023, Defendant Jeff Katofsky, a California citizen and an attorney proceeding *pro se*, removed the state court action pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332.  On February 24, 2023, this Court ordered Katofsky to show cause why the case should not be remanded on the ground, among others, that "the Notice of Removal's allegations of subject matter jurisdiction are deficient." ECF No. 7 at 6.  Specifically, the Notice of Removal "fail[ed] to establish the citizenship of the Plaintiffs and one Defendant."  *Id*.  In response, Katofsky proffered facts that supposedly "evidence a compelling indication that there is complete diversity amongst the parties."  ECF No. 8 at 3.  Katofsky also acknowledged that Plaintiffs "may file a Motion to Remand and set forth competent evidence establishing that *at least one of their partners and/or members is a California resident*."  *Id*. (emphasis added).  On March 14, 2023, as Katofsky had anticipated, Plaintiffs moved to remand, pursuant to 28 U.S.C. § 1447(c), based on evidence that Plaintiff Arboretum Silverleaf Income Fund LP ("Arboretum") is a citizen of California.

## DISCUSSION

In this case, subject matter jurisdiction is premised on diversity of citizenship.  28 U.S.C. § 1332.  Diversity "is not complete" under Section 1332 "if any plaintiff is a citizen of the same state as any defendant."  *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

Here, both individual Defendants are citizens of California.  *See* ECF No. 1 at 2. Plaintiffs are unincorporated entities that take their citizenship from all of their members.  *See Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (limited partnerships); *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (limited liability companies).  To establish Arboretum's citizenship, Plaintiffs have proffered two sworn affidavits from Michael Miroshnikov, President of ASIF GP LLC, general

partner of Arboretum.  ECF Nos. 13-5 ("First Miroshnikov Aff.") and 16 ("Second Miroshnikov Aff.").  Miroshnikov attests that, "[b]ased upon [his] review of the Arboretum business records maintained in the ordinary course of its business, . . . Arboretum has *at least fifty (50) limited partners who are residents and citizens of the State of California*."  Second Miroshnikov Aff. ¶ 6 (emphasis added).  Thus, "diversity [is] lacking under § 1332 because" Arboretum and both individual Defendants "are all citizens of [California]."  *Handelsman*, 213 F.3d at 52.

As the party seeking "to remove plaintiffs' suit to federal court," Katofsky bears "the burden of establishing that the requirements for diversity jurisdiction [are] met."  *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).  In opposing Plaintiffs' motion, Katofsky argues that (1) Plaintiffs failed to file a memorandum of law in support of their motion, in violation of Local Civil Rule 7.1(a)(2); (2) "Plaintiffs['] Notice of Motion to Remand notified Katofsky that he ha[d]" only "fourteen (14) days to file his opposition," as opposed to the four weeks permitted under this Court's rules in civil *pro se* cases; (3) the First Miroshnikov Affidavit is unsworn, "in violation of 28 U.S.C. § 1746;" and (4) the statements in Miroshnikov's affidavits on which Plaintiffs rely are inadmissible.  ECF No. 15 ("Opp. Br.").  These arguments lack merit.

1.	Although Plaintiffs failed to file an opening memorandum of law in support of their motion to remand, that "does not excuse" Katofsky from discharging his obligations.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) (holding that the "failure to submit a memorandum [of law] . . . did not obviate" the opposing party's "need to respond" to a petition to confirm in part and vacate in part an arbitration award in order to avoid a default judgment).  "[N]othing in . . . the Civil Rules of the Southern District requires a court to punish a party for non-compliance" with local rules.  *Id.* (cleaned up).  Here, Plaintiffs' affidavit and declaration made their arguments clear.  Indeed, the Declaration of Clifford A. Katz, ECF No.

13-1, includes "cases and other authorities relied upon in support of the motion." Local Civil Rule 7.1(a)(2) (detailing requirements for a memorandum of law). Plaintiffs also submitted a memorandum of law on reply (and Katofsky did not seek leave to file a surreply). Accordingly, the Court exercises its "broad discretion" to "overlook" Plaintiffs' "failure to comply with [this] local rule[]." *D.H. Blair & Co.*, 462 F.3d at 109 n.2 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)).

2. By email to all parties on March 14, 2023, Katofsky—an attorney—was advised that, if he "prefer[red] a different [briefing] schedule" than that provided under Local Civil Rule 6.1, he was "free to propose one by letter filed on ECF."[2] Rather than "propos[ing]" a "different schedule," Katofsky followed the Local Rule and filed his opposition two weeks after Plaintiffs filed their motion. *See* Local Civil Rule 6.1(b) ("any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers"). Katofsky did not argue that he was prejudiced by the briefing schedule on this motion, nor did he request leave to file a surreply.

3. Both Miroshnikov affidavits are sworn, as evidenced by the notary jurat on their respective last pages. Consequently, they were not "submitted in violation of 28 U.S.C. § 1746." Opp. Br. at 6. That section "sets forth the circumstances under which *unsworn* declarations will be considered acceptable substitutes for sworn declarations." *Papetti v. Rawlings Fin. Servs., LLC*, No. 15 Civ. 2933 (PAE), 2016 WL 4030863, at *5 n.8 (S.D.N.Y. July 25, 2016) (emphasis in original), *aff'd sub nom. Papetti v. Does 1-25*, 691 Fed. App'x 24 (2d Cir. 2017). In contrast, these affidavits were "sworn to before a notary." *Id.*

---

[2] An auto-reply indicated that, due to Katofsky being in trial, the Court's email would not be seen until March 17, 2023. Under the Local Rules, the deadline for Katofsky's opposition did not fall until March 28, 2023. Katofsky therefore had ample opportunity to request a different timetable.

4. Finally, "[i]t is not clear that the . . . Federal Rules of Civil Procedure require evidence considered in support of or in opposition to a motion to remand be admissible," and Katofsky has not cited any authority to the contrary. *Jankins v. Wells Fargo Bank, N.A.*, 17 Civ. 887 (BRO) (AJW), 2017 WL 1181562, at *3 (C.D. Cal. Mar. 29, 2017); *but cf. Medina v. Boeing Co.*, 20 Civ. 304 (JVS), 2020 WL 1812522, at *1 n.2 (C.D. Cal. Apr. 9, 2020) ("The Court only considered admissible evidence in resolving the motion to remand."). Regardless, even on summary judgment, where an "affidavit or declaration . . . must be made on personal knowledge [and] set out facts that would be admissible in evidence," Fed. R. Civ. P. 56(c)(4), "it is axiomatic that a corporate representative may . . . submit affidavits based on knowledge gained from a review of corporate books and records," *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 272 (S.D.N.Y. 2016) (quotation omitted). That is precisely what Miroshnikov has done here. *See* First Miroshnikov Aff. ¶¶ 1, 3; Second Miroshnikov Aff. ¶¶ 4-6.

Accordingly, this action is hereby REMANDED to the Supreme Court of the State of New York, New York County due to a lack of subject matter jurisdiction. Any pending motions are moot. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 5, 2023
New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge

5